FILED

2010 JUN 14 PM 12: 40

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | |
|---|---|
| JANSON MILES POPE individually and, d/b/a THE TRADING POST, <br><br> Plaintiff, <br><br> v. <br><br> SAYURI KINJO YADAO POPE individually, PAUL LUNDGREN, individually and as principal officer and owner of FIT2RACE and TRI-DEPOT, foreign corporations, STEFAN LARSEN individually and as principal officer and owner of foreign corporations FIT2RACE and TRI-DEPOT, FIT2RACE, a foreign corporation and TRI-DEPOT, a foreign corporation, <br><br> Defendants. | No. 3 10 0583 <br> JURY DEMAND |

## COMPLAINT

Comes the Plaintiff complaining of the Defendants and would show unto the Court:

1.　　Jurisdiction. This Court has jurisdiction to hear this case pursuant to Title 28 § 1332, in that the parties are all citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and cost.

2.　　Parties.

2.1.　　Plaintiff. The Plaintiff, Janson Miles Pope [Pope], is a citizen of the State of Tennessee. At all times mentioned in this Complaint, Pope was the owner of a business called The Trading Post [Post] which acquired marketable property and sold it for a profit.

2.2.    Defendant.  The Defendant, Sayuri Kinjo Yadao Pope [Yadao], is a citizen of the State of Nevada.  At all times mentioned in this Complaint, Yadao was the wife of the Plaintiff Pope.

2.3.    Defendant.  The Defendant, Paul Lundgren [Lundgren], is a citizen of the State of California.  At all times mentioned in this Complaint, Lundgren was the owner of a business named Fit2Race.

2.4.    Defendant.  The Defendant, Fit2Race, is a foreign corporation, owned by the Defendants Lundgren and Larsen and is the alter ego of the Defendant and Larsen.

2.5.    Defendant.  The Defendant, Tri-Depot, is a foreign corporation, owned by the Defendant Larsen and is the alter ego of the Defendants Lundgren and Larsen.

3.    Facts.  In the early 1980s, Pope established a business called The Trading Post [Post]. Pope would scout out items at yard sales, flea markets, business liquidations and any other sources where he could acquire marketable property.  He would then sell the property for a profit through The Trading Post.

3.1.    In 1995, Pope married the Defendant Yadao.  At the time of the marriage, Pope had been running The Trading Post for about ten years.  The Post had inventory, fixtures and equipment. At the time of the marriage, Yadao had no source of income, but did have computer skills.  After a few years of marriage, Pope changed his way of marketing and his inventory from an actual store to a virtual store on eBay.  The Defendant Yadao became highly skilled in this manner of selling items from the Post and took over all financial matters for the Post.  Yadao also set up Pay Pal accounts for the Post.

3.2.    In 2003, Pope met Defendant Larsen in Lake Tahoe, Nevada.  Mr. Larsen was the United States Distributor for Orca wetsuits.  Pope purchased wetsuits from Larsen and resold them on an eBay site and a website store, both titled Sportsavers, under the Post license.

3.3.    During this time, Larsen was a partner with Defendant Lundgren in a company the Defendant, Fit2Race.

3.4.    By 2004, Pope's largest sellers in his eBay site were the wetsuits.

3.5.    In 2004, Larsen approached Pope with a business deal to form a new enterprise called Tri-Depot. Tri-Depot was to be a new business venture designed to sell used and new wetsuits via the internet. Pope and Defendant Yadao made plans to sell these suits under Tri-Depot but for reasons never explained to Pope Larsen, never completed the deal.

3.6.    On June 22, 2009, Pope learned that, unknown to him, the Defendants had conspired to steal all of his Trading Post business. The Defendants had actually made Tri-Depot a corporation. Unknown to Pope, Yadao became president of the corporation. The purpose of the Tri-Depot corporation was to sell wetsuits and other items that Trading Post would have sold. The Defendants had secretly set up an eBay site for Fit2Race which directly competed with the Trading Post's eBay site in the sale of wetsuits and other sports apparel. It is the information and belief of the Plaintiff that Yadao gave Lundgren and Larsen all of the Trading Post's passwords so that they could access its accounts. The Defendants even secretly took the Trading Post's business name and even rerouted its mail to their address in Nevada. For over a period of three years, the Defendants conspired to deprive Pope of his business by directing the Trading Post's customers to Fit2Race and Tri-Depot websites. At the request of Lundgren and Larsen, Yadao even converted one of the operating names for The Trading Post, "Sales Boutique," to an eBay site entitled "Says Boutique." Yadao is presently employed by Fit2Race.

3.7.    As a result of the actions of the Defendants, all committed in conspiracy with each other and done in secret, The Trading Post no long exists and the Plaintiff lost all of his business inventory and income.

4.    Civil Conspiracy. The allegations contained in the preceding paragraphs are expressly incorporated into this section.

4.1.    The Defendants Yadao, Lundgren and Larsen, each of them, had the intent and knowledge of each other's intent to destroy by stealing the name, good business reputation of the Plaintiff's business, The Trading Post, by secretly accessing The Trading Post's accounts and customers and diverting them to their businesses their corporations, Fit2Race and Tri-Depot.

4.2.    The Defendants Fit2Race and Tri-Depot are vicariously liable for the extra-corporate conspiracy of its agents, the Defendants Yadao, Lundgren and Larsen, as the acts of conspiracy were committed in the scope of their authority as agents for Fit2Race and Tri-Depot and for the benefit of their corporate interest.

5.    Intentional Interference with Business Relationship. The preceding paragraphs of this Complaint are expressly incorporated by reference into this section.

5.1.    The Defendants Yadao, Lundgren and Larsen were aware of the existence of the Plaintiff's business, The Trading Post's, client base. The Defendants were aware that the Plaintiff entered into agreements with his client base to purchase Lundgren and Larsen's goods and then sell them on The Trading Post's eBay site. Their actions denied the Plaintiff the opportunity to purchase these items and then sell them for a profit and effectively interfered with his business relationship with these clients which was a customary way of conducting business that The Trading Post had enjoyed for over twenty years.

5.2.    These actions of the Defendants heretofore described were committed with the intent to destroy the Plaintiff's business and take it for themselves.

5.3.    The Defendants Fit2Race and Tri-Depot are vicariously liable for the tortuous actions of its agents, Yadao, Lundgren and Larsen, heretofore described.

6.    Individual Liability. The preceding paragraphs of this Complaint are incorporated by reference in this section.

6.1.    The Defendants Yadao, Lundgren and Larsen are being sued individually for actions committed individually outside the scope of their employment as officers of the corporations Fit2Race and Tri-Depot, such actions being intentional and malicious. These Defendants are also being sued for actions committed as officers and agents of the corporations Fit2Race and Tri-Depot being that these Defendants actions were committed intentionally and maliciously and not as a part of any normal course of corporate events. In fact, the corporations Fit2Race and Tri-Depot websites were established to compete and take over the Plaintiff's business by a secret conspiracy to interfere with the Trading Post's business and eventually through deception take it completely away.

7.    Damages. As a direct and proximate result of the tortuous actions of the Defendants heretofore set forth, the Plaintiff has suffered the loss of his business income and has suffered great emotional distress.

    WHEREFORE, the Plaintiff prays:

1.    That he be granted a jury to hear this case.

2.    That he be awarded compensatory damage in an amount that would compensate him for loss of income and emotional distress.

3.    That he be awarded punitive damages from the Defendants for their intentional and malicious conduct in an amount that will punish them for such conduct and deter others from such conduct.

4.    That he be awarded the cost of this case.

5.    For such other and further relief as the Court may deem proper.

Respectfully submitted,

/s/ Phillip L. Davidson
Phillip L. Davidson, #6466
2400 Crestmoor Road
Suite 107
Nashville, Tennessee 37215
(615) 386-7115